*444 OPINION of the Court, by
Ch. J. Boyle,
This was a bill in chancery, filed by Trabue against Cave, in the circuit court for Adair county. The complainant alleges that on an exchange of silver for bank bills, the defendant received of him 102 in siiverrfor which he *445 was to have given a bank bill of ¾ 100, but which in the hurry and confusion of the transaction was omitted to be paid, and prays for a discovery, and a decree for the delivery of ag 100 bill, or the re-payment of the amount of the silver he paid to the defendant.
Upon a bill touching a mere tranfitory matter, where there is but a Jingle party, the court ot oñe ciicuit cannot issue a fubpoena in chancery to another circuit again ft the defendant.
rl hat Ú tract was f*is»«r in one circuit can nor. give that cpuffc ju-rifdicrion to if-fue a fubpoena agalntt the defendant m another circuit.
The subpoena to answer the bill, was directed to the sheriff of Boon county, and was executed and returned by him. At a term subsequent thereto, the defendant having failed to appear and answer the bill, it was taken for confessed, and the defendant was decreed by the court to pay to the complainant g 102, with interest ; to which decree Cave, the defendant, has prosecuted this writ of error.
There are two points made by the assignment of error, which seem proper to be noticed : 1st. Whether the case made out by the complainant, entitled him to the relief of a court of equity ? 2dly. Whether the circuit court of Adair county had jurisdiction of the case ?
The complainant had undoubtedly a right to resort to a court of equity for the discovery he sought, and when the discovery was obtained, or the bill taken for confessed, although a discovery does not in all cases draw with it the right to relief, the court might, we think, in a case of this kind, decree the relief asked for : the objection therefore to the bill for the want of equity, does not seem to be sustainable.
The second point is however entitled to more weight. The law establishing circuit courts, gives them jurisdiction of all causes, matters and things, at common law, and in chancery, within their respective circuits. The jurisdiction of a circuit court is therefore limited to the extent of the circuit, as well in suits in chancery as in suits at common law.
Actions are either local or transitory in their nature. Where the action is local, the jurisdiction attaches to that court in whose circuit the cause of action arises ; but where it is transitory, the jurisdiction belongs to the court of the circuit in which the defendant may be, the cause of action in such case following him wherever be may go. That the action in the present case is of the latter description cannot be questioned ; a debt or duty merely personal, can have no locality ; for it is an established maxim, that delictum et contractus sunt nullius led. The Adair court therefore, unless the defendant *446 had been in that circuit, could have no jurisdiction of the cause, nor can the circumstance that this was a suit' in chancery affect the case, since the extent of the jurisdiction of the court is the same, both with respect to suits in chancery and suits at law.
The circuit court is indeed authorised to direct a nth-pama in chancery to the sheriff of any county in the state. This provision however was not intended, nor can it be fairly construed to extend the jurisdiction of the court to causes beyond the limite of the circuit. Its obvious intention was to enable the court to enforce the remedy and do complete justice in causes within its jurisdiction, which in many cases without such a power could not be done. Thus, for example, where there are several persons residing in different counties, who are necessary to be made defendants, unless the courts could send their process beyond the limits of their respective-circuits, no court could afford an adequate remedy, or do complete justice.
The decree must be reversed with costs, and the cause remanded, with directions that the bill be dismissed with costs.